# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### January, 1902.

---

EDWARD GRACE, as Administrator, etc., of SARAH GRACE, Deceased,
Appellant, *v.* MARGARETHA FASSOTT, Respondent.

*Negligence — what proof that death resulted therefrom is insufficient.*

In an action to recover damages resulting from the death of the plaintiff's intes-
tate, which occurred about four months after she sustained a fall through the
alleged negligence of the defendant, evidence given by the physician who
attended the intestate, in answer to a hypothetical question, that there was a
possibility that the fall produced the condition which resulted in her death,
but that he could not state with certainty that it did produce such condition,
and by a physician who, so far as appeared, had never seen the intestate, that
he thought that the fall could and did produce the condition which resulted in
the intestate's death, is insufficient to warrant a finding by the jury that the
fall produced the condition.

APPEAL by the plaintiff, Edward Grace, as administrator, etc., of
Sarah Grace, deceased, from a judgment of the Supreme Court in
favor of the defendant, entered in the office of the clerk of the county
of New York on the 24th day of May, 1901, upon the dismissal of
the complaint on the merits, by direction of the court at the close of
the plaintiff's testimony, upon a trial at the New York Trial Term.

*Max Gross*, for the appellant.

*Sumner B. Stiles*, for the respondent.

PER CURIAM:

The action was brought to recover damages for negligently
causing the death of the plaintiff's intestate. It is disclosed by the
record that the deceased received an injury by falling down stairs,

caused by catching her foot in a defective oil cloth at the head of the stairs in a tenement house kept and maintained by the defendant, which injury it is claimed was the cause of her death. The injury was received on the 9th day of July, 1900, and her death occurred on the fourth day of November following. There was evidence which would have authorized a finding by the jury that the defendant was guilty of negligence and that the deceased was free from negligence contributing to the accident. The only point in the case was as to whether the injuries received were the cause of death. The woman died of *placentia previa*, and it was claimed by the defendant, and held by the court in dismissing the complaint, that the condition which produced death was not connected with the injury. The physician who attended the deceased shortly after the accident found no evidence of any hemorrhages which would have naturally been found present if the accident had produced the condition which resulted in her death. This physician, when asked a hypothetical question based upon the testimony which the case disclosed, as to the reception of the injury and the subsequent conditions, testified that there was a possibility that the fall produced the condition resulting in death, but he could not state that it did with certainty, and refused to testify that it would. Dr. Stein was called as an expert witness for the plaintiff; he had never attended the deceased, and so far as appears had never seen her. He testified in answer to the hypothetical question that he thought the fall produced the condition from which the intestate died, and being further questioned upon this subject, said: "The fall could produce it." This is the strongest testimony tending to show the connection between the injury and the cause of death. It is evident that it was not sufficient to authorize the jury to find that the fall produced the condition resulting in death. The fact that the fall could produce it, or that there was a possibility that it might be so produced, is insufficient. The law requires that the connection between the injury and the cause producing death must be established with reasonable certainty. A possibility that it might be so produced, or that the fall could produce it, is insufficient. Both statements were conjectural and speculative, and neither statement shows with reasonable certainty that the death was the result of the accident. The complaint was, therefore, properly dismissed.

The judgment, however, dismissed the complaint upon the merits. This was erroneous. There had been no trial upon the merits; the decision was that the evidence offered was not sufficient to show a cause of action. It may be that the plaintiff can procure evidence showing that the injury produced the condition causing death. She has not shown it in this action, which is all that the court determined or could determine at the time the motion to dismiss was made.

It follows that the judgment should be modified by striking out that the dismissal was upon the merits, and as so modified the judgment should be affirmed, without costs of this appeal to either party.

Present — Van Brunt, P. J., O'Brien, Ingraham, McLaughlin and Hatch, JJ.

Judgment modified by striking out that the dismissal was upon the merits, and as so modified affirmed, without costs to either party.