(99 App. Div. 599)

## HARVEY v. FARGO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. NEGLIGENCE—INJURIES—EVIDENCE—SUFFICIENCY.
    In an action for injuries owing to the alleged negligence of defendant, evidence *held* sufficient to warrant a finding that the injuries complained of were the result of the accident in question.

2. SAME—EVIDENCE—WEIGHT—SUFFICIENCY.
    Where, in an action for injuries by the negligence of defendant, it was claimed that plaintiff suffered with a spinal difficulty as the result of the accident, and plaintiff's expert witness, who had treated her at the time of the accident and examined her just before trial, testified that plaintiff had curvature of the spine, and that he could say with reasonable certainty that it would result from the original injuries, such evidence was sufficient to authorize a finding that the accident was the cause of the curvature.

3. SAME—EVIDENCE—COMPETENCY—EXHIBITION WALK BY PLAINTIFF.
    In an action for injuries by the negligence of defendant, the fact that plaintiff was permitted, at the request of the jury, to walk in their presence after the submission of the case, was not ground for reversal, where defendant did not object, and the purpose was merely to determine the extent of certain injuries which were not seriously disputed.

4. SAME—EVIDENCE—SURPRISE.
    Where, in an action for injuries by the negligence of defendant, the only question was the extent of the injuries, and there was no suggestion on the part of defendant that the pleadings were not broad enough to cover the resultant injuries, the admission of the testimony of an expert to the effect that curvature of the spine might develop because of the shock and general disturbance was no ground for a new trial on the ground of surprise.

5. SAME—ORDER FOR EXTRA ALLOWANCE.
    In an action for injuries sustained by an infant by being run over by a wagon, where the only question was the extent and character of the injuries, an order for an extra allowance of costs could not be sustained.

Appeal from Special Term.

Action by Celia Harvey, by Peter B. Harvey, her guardian ad litem, against James C. Fargo, as president of the American Express Company. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George A. Miller, for appellant.
Martin P. Lynch, for respondent.

WOODWARD, J. Plaintiff, an infant, brings this action to recover damages for personal injuries sustained by being run over

by one of the wagons of the American Express Company, of which the defendant Fargo is president. On the trial it was admitted "that the injury complained of in the complaint, except as to its extent and character, was caused by the negligent act of the defendant's servant, and that the plaintiff was not guilty of any contributory negligence." This left as the only question to be litigated the "extent and character" of the injuries; and the plaintiff introduced evidence tending to show that she had sustained direct injuries to her foot and leg, reaching up to the hip, and that, as a result of such injuries, she had been permanently disabled; the injured leg being shorter than the other, and the spine showing a tendency to curvature, with other results. Plaintiff's evidence was received without objection or exception now urged, and defendant called its expert physician to contradict plaintiff's physician upon the extent of the injuries and their results. With the issue thus drawn, the case was submitted to the jury upon a charge to which the defendant took no exception; and the result was a verdict for the plaintiff for $7,500, to which the court added an extra allowance of 5 per cent. The defendant appeals from the judgment, and from the order denying a motion for a new trial upon the minutes.

We are clearly of opinion that the evidence is sufficient to support the judgment. Plaintiff's physician testified to the original injuries, to his attendance upon her at the time of the accident, and of his examination just before the trial, and that he could say with reasonable certainty that the condition which he found upon the last examination would result from the injuries which he found at the time of the accident and in his treatment of the plaintiff. It is true that the plaintiff's family physician, who had charge of her case generally, appeared unwilling to testify that the present appearance of hip disease was due to the accident, but this was a matter for the consideration of the jury. He did not say that it was not the result of the accident. He merely said that he could not say, and this was in reference to his own testimony that the plaintiff showed indications of hip disease. He does not appear to have been asked in reference to the spinal difficulty, and upon this point plaintiff's expert witness, who had treated her at the time of the accident, and examined her just before the trial, testified that the plaintiff had curvature of the spine, and that it would result from the original injuries; that he could say so with reasonable certainty. This was what the law requires in a case of this character. Grace v. Fassott, 67 App. Div. 443, 444, 73 N. Y. Supp. 906. And the fact that the defendant's expert did not agree with the plaintiff's expert is not conclusive. A conflict of evidence calls for the intervention of the jury, and they have decided the controversy in favor of the plaintiff. While the recovery is large, upon the defendant's theory of the injuries, it is not excessive if the plaintiff has sustained the injuries testified to by her witnesses, and we are not in a position to say that the evidence does not support the verdict.

The fact that the court permitted the plaintiff, at the request of the jury, to give an exhibition walk in their presence after the case had been submitted, is not material here. The defendant suggested

no objection to the exhibition, and, so far as we can gather from the record, there was no effort to prevent the jury passing upon the question of damages with all of the light which could be afforded. It is too late now to urge that the jury were prejudiced by this exhibition, particularly as the purpose of that exhibition was apparently to determine the extent of the injuries to the plaintiff's heel, which are not seriously disputed. The matter which the defendant apparently urges here is that the curvature of the spine and resultant injuries were not as important as urged by the plaintiff, not that the latter was not painfully injured in the foot.

Defendant subsequently made a motion for a new trial upon the ground of surprise. This motion was denied, and is on appeal simultaneously with the judgment and order above considered. It is conceded that ordinarily this question cannot be raised unless the alleged surprise is called to the attention of the court at the time of the trial, as was not the case in the matter now before us, but it is urged that where there is fraud in connection with the case this rule is not of universal application; citing Corley v. New York & Harlem R. Co., 12 App. Div. 409, 416, 42 N. Y. Supp. 941, and other authorities. We fail, however, to discover any fraud on the part of the plaintiff. The question to be litigated was the extent of the injuries, with no suggestion on the part of the defendant that the pleadings were not broad enough to cover resultant injuries; and all of the evidence was taken without objection or exception, save only in a single instance, and this is not urged as error at this time. The evidence admitted is not fraudulent; it expresses, so far as the record shows, the opinion of an expert, whose capacity or integrity is not questioned; and he is in a measure confirmed by the admission of the defendant's own expert to the effect that the curvature of the spine might "develop because of the shock and general disturbance." What is there of a fraudulent or surprising nature about the testimony of the plaintiff's expert witness? The only question to be litigated was the extent of the injuries, and the defendant had a right to expect that the plaintiff would show the then condition of the child, and to trace any existing conditions to the accident; and it had its own expert there for the purpose of combating this very evidence, as appears from the testimony of the latter. A careful examination of the record convinces us that the surprise of the defendant was at the amount of the verdict, rather than at the scope of the testimony, and that there is no reason for making an exception to the general rule in such cases.

The order for an extra allowance of 5 per cent., we think, cannot be sustained, however. See Standard Trust Co. v. N. Y. C. & H. R. R. Co., 178 N. Y. 408, 70 N. E. 925. And the judgment will have to be modified by disallowing it, and, as so modified, affirmed, without costs, and the order denying motion for a new trial on the ground of surprise affirmed, with costs. All concur.